UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| SHONEA MARIE GREENE, | ) | |
| | ) | |
| Petitioner, | ) | 2:06-cv-1528-KJD-PAL |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SHERRY FOSTER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | / | |

This action proceeds on a petition for a writ of habeas corpus by petitioner Shonea Greene, a Nevada prisoner. Before the court is respondents' motion to dismiss (docket #11).

I. **Procedural History**

Petitioner was charged on April 2, 1999, in the Eight Judicial Circuit Court for Clark County with one count of murder. Exhibit 1.[1] Petitioner entered into an *Alford* plea, and was convicted of second degree murder on December 7, 1999. Exhibits 2 and 3. Petitioner was sentenced to twenty-five years in prison, with parole eligibility in ten years. Exhibit 4. A judgment of conviction was entered on April 25, 2000. *Id.* Petitioner did not appeal.

On March 15, 2002, petitioner filed a motion for appeal/post-conviction relief with

---

[1] The exhibits cited in this order are those filed by respondents in support of the motion to dismiss, and are located in the record at docket #12.

the Nevada Supreme Court. Exhibit 5. On April 11, 2002, the Nevada Supreme Court dismissed the appeal, finding it was untimely filed and that the court lacked jurisdiction to consider an appeal. Exhibit 6. Remittitur issued on May 7, 2002. Exhibit 7. Petitioner filed a petition for writ of habeas corpus with the state district court on February 2, 2005. Exhibit 10. The state court dismissed the petition, finding it was untimely filed, and that the petitioner did not show good cause to excuse the late filing. *Id.* Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's denial. *Id.* Remittitur issued on October 3, 2006. Exhibit 11.

Petitioner mailed her federal habeas corpus petition to this Court on November 20, 2006 (docket #5). Respondents moved to dismiss the petition, arguing the federal habeas corpus petition is untimely filed (docket #11).

**II. Respondents Motion for Leave to File Late Pleading**

Respondents have moved the Court for permission to file their motion to dismiss after the filing date expired (docket #13). The motion to dismiss was filed one day late. The Court finds that there was good cause for the late filing of the motion to dismiss, therefore the Court will grant the motion, and will treat the motion to dismiss as timely filed.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions pursuant to section 2254. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d). For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997 to file a federal habeas corpus petition. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a state's time limits for filing an application for post conviction or other collateral relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing' conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper).

**A. Application to the Instant Case**

In the present case, petitioner was convicted on April 25, 2000. Petitioner did not appeal her conviction, therefore the time for filing a federal habeas petition began to run on May 25, 2000, or thirty days after the judgment of conviction was entered in petitioner's case. 28 U.S.C. § 2244(d)(1)(A). Therefore, petitioner had until May 25, 2001, in which to submit a federal habeas action, unless the time was otherwise tolled. On March 15, 2002, petitioner filed a motion for appeal or for post-conviction with the Nevada Supreme Court. The Nevada Supreme Court dismissed the appeal, finding it was untimely filed. This was not a properly filed appeal, and therefore did not toll the time for filing a federal habeas corpus petition. *Pace*, 544 U.S. at 414-17.

1   Petitioner also filed a state habeas corpus petition on February 2, 2005. This petition also did not toll the limitations period, as it was filed after petitioner's one-year time limitation under section 2244 had already expired. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run). Petitioner mailed her federal habeas corpus petition to this Court on November 20, 2006. The federal petition is untimely filed and must be dismissed unless the petitioner can show that she is entitled to equitable tolling of the limitations period.

**B. Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner argues that she was diagnosed with multiple sclerosis during the time for filing a petition in this court and in the state court, was unable to file, and thus she should be excused from the one year statute of limitations (docket #17). After considering the documents filed by the petitioner to support her statement that she was unable to file a timely petition due to her physical and medical condition (docket # 19), it appears that petitioner is not entitled to equitable tolling of the limitations period. The documents establish that petitioner was tested for possibly having multiple sclerosis in October and November of 2000. Petitioner has included a letter from the doctor at Northern Nevada Correctional Center on February 7, 2001. According to the doctor, petitioner had progressed to the point where she could not care for herself in November 2000. However, the doctor notes that she was given medication, and the petitioner's condition became

significantly better.  Furthermore, the doctor notes that in January 2001, the petitioner was able to leave the hospital, and was living in the women's unit.  The doctor also states that the petitioner was also able to stop the use of her cane.

It appears that petitioner may not have been able to file her federal habeas corpus petition for a period of time when she was bedridden due to multiple sclerosis.  However, the documents provided to this Court show that the petitioner's condition became better between the end of November 2000 and February 2001.  Petitioner still had until May 25, 2001, in which to file her federal habeas corpus petition, or to file a state petition that would toll the limitations period.  Petitioner did not file anything in the state court until March 15, 2002.  Furthermore, even if the statute of limitations period was extended, and did not begin to run until March 2001 due to petitioner's physical/medical disability, petitioner still did not file a state petition for writ of habeas corpus until February 2, 2005.  The petitioner also waited until November 20, 2006 to file her federal petition.  Petitioner has not shown that she was incapable of filing a petition between March 2001 and November 2006.  *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005), *modified on others grounds*, 447 F.3d 1165 (9th Cir. 2006).

Here the petitioner has not met her burden, in that she has not shown that she was incapable of preparing and filing a habeas corpus petition after March 2001.  While petitioner alleges she was bedridden and unable to do so, the documents show that as of February 7, 2001, petitioner was no longer hospitalized, was living in the women's unit and no longer needed a cane.   Petitioner has not shown why she waited until February 2005 to file a state habeas corpus petition, and until November 2006 to file a federal habeas corpus claim.

Equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated diligent pursuit of her rights and extraordinary circumstances beyond her control.  Petitioner's current petition was untimely filed without valid justification for the delay, and therefore will be dismissed pursuant to 28 U.S.C.§ 2244(d).

## IV. Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. Accordingly, the court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion for leave to file a late pleading (docket #13) is **GRANTED**. The motion to dismiss shall be treated as timely filed.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #11) is **GRANTED** and the petition is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

1 **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of
2 appealability.

3   DATED:  March 17, 2009

_____
UNITED STATES DISTRICT JUDGE